# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| OWL CREST, INC., *doing business as* Raintree Plaza, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO: 1:16-cv-00065-RL-SLC ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Allstate Insurance Company removed this case here based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DE 1). The notice of removal reflects that Defendant is "a company incorporated and organized under the laws of the State of Illinois" with its principal place of business in Illinois. (DE 1 ¶ 7). The notice further alleges that "[a]s evident from the allegations in the Complaint," Plaintiff Owl Crest, Inc., "is a resident of the State of Indiana and citizen of the State of Indiana." (DE 1 ¶ 6). Defendant's allegations concerning the citizenship of the parties, however, are insufficient to establish diversity jurisdiction. As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).

Defendant's allegations about its own citizenship are unclear as to whether it is "incorporated," and thus, a corporation, or whether it is "organized" as a limited liability company. This distinction is important because for purposes of establishing diversity jurisdiction, a limited liability company's citizenship is different than that of a corporation. Corporations "are deemed to be citizens of the state in which they are incorporated and the state

in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)).  Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Therefore, if Defendant is actually a limited liability company, the Court must be advised of the identity of each of its members, and such member's citizenship.  *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *see generally Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes).  Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction.  *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Defendant's allegations concerning the citizenship of Plaintiff Owl Crest, Inc., are also inadequate.  Contrary to Defendant's assertion (DE 1 ¶ 6), Owl Crest, Inc.'s citizenship is not evident from the allegations in paragraph 1 of the Complaint (DE 2 ¶ 1).  Therefore, the Court needs to be informed of Owl Crest, Inc.'s state of incorporation and the state in which it has its principal place of business.  *See N. Trust Co.*, 899 F.2d at 594.

Accordingly, Defendant is ORDERED to file an amended petition for removal on or before March 2, 2016, that properly alleges the citizenship of each party.

SO ORDERED.  Enter for this 17th day of February 2016.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge